UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-4 DAMARIO HORNE-MCCULLOUGH,

    Defendant.

_____/

Case No. 19-cr-20112

Honorable Matthew F. Leitman
United States District Judge

# DEFENDANT'S SENTENCING MEMORANDUM

**I.**     **Nature and Circumstances of the Offense**

On February 20, 2020, Damario Horne-McCullough ("Mr. Horne-McCullough") pled guilty in this Court to a single count of possession of a firearm in furtherance of a drug trafficking crime, contrary to 18 U.S.C. §924(c). The Court accepted his guilty plea and took the plea agreement under advisement pending sentencing.

Mr. Horne-McCullough acknowledged that in late January 2019, he possessed an American Tactical .556 caliber OMNI Hybrid pistol while distributing cocaine base with co-defendant Christopher Wilson. (ECF No. 238, Rule 11 Plea Agreement, PgID 1046.) His relevant conduct includes the February 4, 2019, sale of $40.00 worth of cocaine base to a confidential informant. (Presentence Investigation Report, ¶22.)

## II.     History and Characteristics of the Defendant

Mr. Horne-McCullough is a 26-year-old father of two young children. He was born and raised in Flint and has lived there most of his life. His adopted mother, Tawana McCullough, raised him. He received his GED in 2012 and has taken classes at Mott Community College, Baker College, and Phoenix University. Mr. Horne-McCullough is a talented and accomplished rap artist. He has leveraged his talent to provide financial support to his family. His income is derived from royalties and live performances.

As demonstrated by his letters of support, Mr. Horne-McCullough enjoys strong backing from his community. (Copies of the letters of support are attached as Exhibit A.) Sheri Oates, for example, describes him as "a smart, strong, talented man who loves his family." Monique Pratcher notes that he is positive, humorous, outgoing, and "extremely giving." And LaToya West, who has known him since he was a child, characterizes him as "a wonderful man with selfless love."

In terms of criminal history, Mr. Horne-McCullough has no prior felony convictions and no other pending charges. He has three prior misdemeanor convictions. In 2014, he was convicted of possession of marijuana; in 2015, he was convicted of use of marijuana; and in 2019, he was convicted of conspiracy to recklessly carry a firearm. His only other arrest was in 2013, for driving while license suspended. That charge was ultimately dismissed.

Mr. Horne-McCullough has struggled in the past with substance abuse. He first tried marijuana at the age of 11 and used it frequently until March 2019. He has also experimented with Vicodin and Codeine. To his credit, though, he has participated in outpatient substance abuse treatment at Sacred Heart while on bond.

### III. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

The crime of conviction in this case is serious. Few things are more dangerous than the combination of controlled substances and firearms. But the proposed resolution calls for a sentence that will send a stern message. If the Court chooses to accept the plea agreement, Mr. Horne-McCullough will face a statutorily mandated 60-month term. 18 U.S.C. §924(c)(1)(A)(i). Before this, the longest sentence he had ever served was six days. (Presentence Investigation Report, ¶32.) A steep escalation from six days to 60 months will likely ensure that he never offends again.

The Court's discretion is less constrained with regard to the term of supervised release. Under 18 U.S.C. §3583(b)(1), a term of "not more than five years" is authorized. The Sentencing Commission suggests a range of two to five years. U.S.S.G. §5D1.2(a)(1). But, aside from the requisite term of imprisonment, there is no statutory mandatory minimum and "no agreement [between the parties] on supervised release." (ECF No. 238, Rule 11 Plea Agreement, PgID 1048.) The defense submits that, given Mr. Horne-McCullough's relative lack of criminal

history, a modest downward variance as to the term of supervised release is warranted.

## IV. Recommended Disposition

For the foregoing reasons, Mr. Horne-McCullough respectfully requests that the Court accept the Rule 11 plea agreement, sentence him to a term of 60 months, and impose a one-year term of supervised release.

Dated: December 28, 2020         s/Christopher J. McGrath
                                                 Federal Community Defender
                                                 Eastern District of Michigan
                                                 Attorney for Defendant
                                                 111 East Court Street, Suite L-100
                                                 Flint, Michigan 48502
                                                 (810) 232-3600
                                                 christopher_mcgrath@fd.org
                                                 (P58738)

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, December 28, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Assistant United States Attorney Christopher Rawsthorne, 600 Church Street, Room 210, Flint, Michigan 48502.

                                                s/Christopher J. McGrath
                                                Federal Community Defender
                                                Eastern District of Michigan
                                                Attorney for Defendant
                                                111 East Court Street, Suite L-100
                                                Flint, Michigan 48502
                                                (810) 232-3600
                                                christopher_mcgrath@fd.org
                                                (P58738)

Dated: December 28, 2020