```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3                          —    —    —

     UNITED STATES OF AMERICA,
 4
                    Plaintiff,
 5
        v.                                 Case No. 19-20112
 6
     DAMARIO HORNE-McCULLOUGH,            Hon. Matthew F. Leitman
 7
                    Defendant.
 8   _____/

 9                          PLEA HEARING

10          BEFORE THE HONORABLE MATTHEW F. LEITMAN
                  United States District Judge
11            Federal Building and U.S. Courthouse
                      600 Church Street
12                    Flint, Michigan
                 Thursday, February 20, 2020
13

14   APPEARANCES:

15   For the Plaintiff:      CHRISTOPHER RAWSTHORNE
                             U.S. ATTORNEY'S OFFICE
16                           600 Church Street
                             Flint, MI 48502
17                           (313) 226-9100

18   For the Defendant:      CHRISTOPHER J. MCGRATH
                             FEDERAL COMMUNITY DEFENDER
19                           111 E. Court Street, Suite L-100
                             Flint, MI 48502
20                           (810) 232-3600

21

22

23       To obtain a copy of this official transcript, contact:
                Robert L. Smith, Official Court Reporter
24          (313) 234-2612 • rob_smith@mied.uscourts.gov

25
```

1          TABLE OF CONTENTS

2     MATTER                                                    PAGE

3     PLEA HEARING
      Factual basis by Defendant.........................22
4     Acceptance f plea.................................24

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1 │ Flint, Michigan
 2 │ Thursday, February 20, 2020
 3 │ at about 1:04 p.m.
 4 │                        —   —   —
 5 │          (Court, Counsel and Defendant present.)
 6 │          THE CASE MANAGER:  Please rise.
 7 │          The United States District Court for the Eastern
 8 │ District of Michigan is now in session, the Honorable
 9 │ Matthew F. Leitman presiding.
10 │          You may be seated.
11 │          The Court calls Case No. 19-20112, United States of
12 │ America v. Damario Horne-McCullough.
13 │          Counsel, please state your appearances for the
14 │ record.
15 │          MR. RAWSTHORNE:  Chris Rawsthorne for the
16 │ United States.  Good afternoon.
17 │          THE COURT:  Good afternoon.
18 │          MR. McGRATH:  Christopher McGrath, from the Federal
19 │ Community Defender, on behalf of Mr. Horne-McCullough, who is
20 │ seated to my left.
21 │          THE COURT:  Good afternoon.  Welcome to both of
22 │ you.
23 │          All right.  Mr. McGrath, it is my understanding
24 │ that we are here this afternoon for Mr. McCullough to offer a
25 │ plea in connection to a Rule 11 plea agreement; is that
```

1  correct?

2          MR. McGRATH:  That's correct, Your Honor.

3          THE COURT:  Okay.  Mr. Horne-McCullough, let me

4  give a broad roadmap of how this is going to work.  The

5  purpose of the hearing this afternoon is for me to decide

6  whether to accept a guilty plea that I anticipate you will be

7  offering.  At part of the process, I'm going to ask you some

8  questions that make sure you are of sound mind, what we call

9  competent, to make an important decision like pleading

10 guilty.  I'm going to make sure you understand your

11 constitutional rights, and that you intend to waive those

12 rights.  I'm going to make sure you understand the nature of

13 the charge to which you are pleading guilty and the maximum

14 possible penalties.  Do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  That's not an exact line-by-line

17 itemization of what we are going to do, but it is kind of a

18 broad overview.  Mr. Horne-McCullough, because I'm going to

19 be asking you to provide me some information, I'm going to

20 ask my courtroom deputy to swear you in right now.

21          THE CASE MANAGER:  Would you please raise your

22 right hand.

23          Do you swear or affirm the testimony you are about

24 to give will be truthful?

25          THE DEFENDANT:  Yes.

1    THE COURT:  You know what, Mr. Horne-McCullough,

2    before we proceed to the plea part of this, I need to arraign

3    you on the Fifth Superseding Information.  So let me ask

4    Mr. Horne-McCullough, have you received a copy of the Fifth

5    Superseding Information?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  Mr. Horne-McCullough, do you understand

8    that this Information charges you with possession of a

9    firearm in furtherance of a drug trafficking crime?

10   THE DEFENDANT:  Yes, sir.

11   THE COURT:  Do you understand that it alleges that

12   in or about late January 2019, in the Eastern District of

13   Michigan, you knowingly possessed a firearm, it identifies

14   the firearm, and it alleges that you possessed that firearm

15   in furtherance of a drug trafficking crime.  Do you

16   understand that's the nature of the charge?

17   THE DEFENDANT:  Yes, sir.

18   THE COURT:  Mr. McGrath, do you waive a formal

19   reading of the Fifth Superseding Information?

20   MR. McGRATH:  Yes, Your Honor.

21   THE COURT:  And with respect to and for the

22   purposes of arraignment, how would Mr. Horne-McCullough

23   plead?

24   MR. McGRATH:  He stands moot, Your Honor.

25   THE COURT:  All right.  We'll enter a plea of not

```
 1    guilty, for purposes of arraignment.
 2            Mr. Horne-McCullough, for purposes of arraignment,
 3    I want to advise you that the charge in the Information
 4    carries a mandatory minimum of five years in federal prison
 5    and a maximum sentence of up to life in prison, to be
 6    followed by a term of supervised release up to five years,
 7    and/or a fine of not more than $250,000.  Do you understand
 8    all of that?
 9            THE DEFENDANT:  Yes, Your Honor.
10            THE COURT:  Okay.  Then we are going to conclude
11    the part of the proceedings that are the arraignment.  We are
12    going to go into the plea portion.
13            Holly, you did swear him in just now, didn't you?
14            THE CASE MANAGER:  Yes.
15            THE COURT:  So you are under oath,
16    Mr. Horne-McCullough, and I want to advise you it is always
17    important to tell the truth in federal court, especially
18    important now that you have been sworn under oath.  If you
19    were to make a false statement from this point forward, that
20    could be the basis of a separate and independent criminal
21    charge against you.  Do you understand that?
22            THE DEFENDANT:  Yes, Your Honor.
23            THE COURT:  I don't want you to think I'm sitting
24    up here expecting you to lie to me, I'm just telling you that
25    out of an abundance of caution.  Okay.  Got it?
```

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Mr. Horne-McCullough, what is your full

3    name, please.

4          THE DEFENDANT:  Damario Donshay Horne-McCullough.

5          THE COURT:  Can you spell your middle name?

6          THE DEFENDANT:  D-O-N-S-H-A-Y.

7          THE COURT:  Okay.  And where were you born, sir?

8          THE DEFENDANT:  Flint, Michigan, Hurley Medical

9    Center.

10          THE COURT:  How old are you?

11          THE DEFENDANT:  Twenty-five.

12          THE COURT:  How far did you go in school?

13          THE DEFENDANT:  I got my GED after, like, the 10th

14   grade.

15          THE COURT:  Oh, good for you.  Are you a

16   United States citizen?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you read, write and understand the

19   English language?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Have you ever been treated with

22   or -- excuse me, treated for or diagnosed with any mental

23   illness of any kind?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  Have you ever been diagnosed with or

1    treated for any addiction to narcotic drugs or alcohol?

2           THE DEFENDANT:  Well, yeah, I'm going to -- I'm

3    still going to drug class right now.

4           THE COURT:  So have you been diagnosed with a drug

5    abuse issue?

6           THE DEFENDANT:  No, I don't think so.  I just had

7    to go to drug class after I got my bond, when I first got

8    out.

9           THE COURT:  All right.  Are you currently under the

10   influence of any drug or medication of any kind?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Do you have any mental condition or

13   disability that would prevent you from fully understanding

14   the charges against you or the consequences of pleading

15   guilty?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  All right.  Mr. McGrath, how long have

18   you been representing Mr. Horne-McCullough?

19          MR. McGRATH:  I would estimate, for five months or

20   so.

21          THE COURT:  Did you take over for Ms. Morgan in

22   this case?

23          MR. McGRATH:  I did, Your Honor.

24          THE COURT:  And, Mr. McGrath, since you've been

25   representing Mr. Horne-McCullough, have you had opportunities

*PLEA HEARING • FEBRUARY 20, 2020*

```
 1    to meet with him, to discuss the nature of the charges
 2    against him, the penalties he's facing and the options for
 3    moving forward?
 4              MR. McGRATH:  Yes, Your Honor, frequently.
 5              THE COURT:  And based on your communications with
 6    Mr. Horne-McCullough, do you believe that he's competent to
 7    enter a plea today?
 8              MR. McGRATH:  I do, Your Honor.
 9              THE COURT:  Has he been able to communicate
10    effectively with you?
11              MR. McGRATH:  He has.
12              THE COURT:  All right.  Thank you.
13              Mr. Rawsthorne, does the government have any
14    concerns about Mr. Horne-McCullough's competence?
15              MR. RAWSTHORNE:  No, Your Honor.
16              THE COURT:  Okay.  Nor do I.  Based on
17    Mr. Horne-McCullough's answers as given here today, along
18    with the answers of Counsel, and my observations of
19    Mr. Horne-McCullough as he sits before me, I find that he's
20    in full possession of his faculties and is competent to
21    proceed to enter a plea today.
22              Mr. Horne-McCullough, let me confirm, again, that
23    you have received a copy of the Fifth Superseding
24    Information, that's the written statement of the charges
25    against you; is that correct?
```

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, Your Honor. |
| 2 | THE COURT:  All right.  Have you fully discussed |
| 3 | the charges against you with Mr. McGrath? |
| 4 | THE DEFENDANT:  Yes, Your Honor. |
| 5 | THE COURT:  Are you fully satisfied with the |
| 6 | counsel, representation and advice given to you by |
| 7 | Mr. McGrath? |
| 8 | THE DEFENDANT:  Yes, Your Honor. |
| 9 | THE COURT:  Mr. Horne-McCullough, the lawyers have |
| 10 | handed me a document called a Rule 11 plea agreement.  It |
| 11 | appears to bear your original signature, in blue ink, dated |
| 12 | February 7th, 2020 on page 9.  Do you see what I'm holding |
| 13 | up? |
| 14 | THE DEFENDANT:  Yeah, I see it right here. |
| 15 | THE COURT:  Can you see it here, too? |
| 16 | THE DEFENDANT:  Yeah. |
| 17 | THE COURT:  Mr. Horne-McCullough, is that your |
| 18 | signature on page 9 of the Rule 11 plea agreement? |
| 19 | THE DEFENDANT:  Yes, sir. |
| 20 | THE COURT:  Did you read the agreement carefully |
| 21 | before you signed it? |
| 22 | THE DEFENDANT:  Yes, sir. |
| 23 | THE COURT:  Did you discuss it thoroughly with |
| 24 | Mr. McGrath before you signed it? |
| 25 | THE DEFENDANT:  Yes, sir. |

1    THE COURT:  Do you understand the terms of the

2    agreement that you signed?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Does the plea agreement represent the

5    entire understanding that you have reached with the

6    government concerning the disposition of the charges against

7    you in this case?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Has anyone made any promise or

10   assurance to you that is not in the plea agreement, in order

11   to persuade you to accept the agreement or plead guilty?

12       THE DEFENDANT:  No, sir.

13       THE COURT:  Has anyone forced or threatened you, in

14   any way, to persuade you to accept the agreement or plead

15   guilty?

16       THE DEFENDANT:  No, sir.

17       THE COURT:  Mr. McGrath, were all formal plea

18   offers by the government communicated to

19   Mr. Horne-McCullough?

20       MR. McGRATH:  Yes, Your Honor.

21       THE COURT:  All right.  Mr. Horne-McCullough, are

22   you pleading guilty this afternoon because you are guilty of

23   the crime you are accused of committing in the Fifth

24   Superseding Information?

25       THE DEFENDANT:  Yes, sir.

```
 1            THE COURT:  And are the answers you are giving here
 2   today, your own answers and not merely answers that you were
 3   told to give by Counsel?
 4            THE DEFENDANT:  No, sir.
 5            THE COURT:  Excuse me.  Are they your own answers?
 6            THE DEFENDANT:  Oh, yes, yes, sir.
 7            THE COURT:  They are your answers?
 8            THE DEFENDANT:  Yes.
 9            THE COURT:  Okay.  Thank you.
10   Mr. Horne-McCullough, you have been charged in the Fifth
11   Superseding Information by what we call an Information.  An
12   Information is a charge that is brought by the United States
13   Attorney's Office without being first presented to a federal
14   Grand Jury.  Do you understand that?
15            THE DEFENDANT:  Yes, sir.
16            THE COURT:  And under the Fifth Amendment to the
17   United States Constitution, you have a right to be charged by
18   way of an Indictment in a felony case like this; that is, you
19   have a right to have -- require the government to present
20   your charge to a Grand Jury and to be charged only if the
21   Grand Jury found probable cause and returned an Indictment.
22   Do you understand that?
23            THE DEFENDANT:  Yes, sir.
24            THE COURT:  And do you wish to waive your rights to
25   proceed by way of an Indictment and agree to proceed by way
```

1    of Information?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  Okay.  Mr. Horne-McCullough, do you

4    understand that if I accept your guilty plea you will have

5    been convicted of a crime just as if you were tried by a jury

6    and convicted?

7                THE DEFENDANT:  Yes, sir.

8                THE COURT:  Do you understand that if I accept your

9    guilty plea, you will be deprived of certain valuable civil

10   rights, such as the right to vote, the right to hold public

11   office, the right to serve on a jury, and the right to

12   possess firearms?

13               THE DEFENDANT:  Yes, sir.

14               THE COURT:  Now, before I can accept your plea, it

15   is necessary that you waive certain constitutional rights

16   that you enjoy as you sit before me.  What I want to do now

17   is identify those rights for you.  I'm going to read slowly,

18   and I ask that you listen carefully.  At the end of the list

19   I'm going to ask you two questions:  First, do you understand

20   the rights I have identified for you; and, second, do you

21   intend waive them?  Do you understand how this will work?

22               THE DEFENDANT:  Yes.

23               THE COURT:  Mr. Horne-McCullough, as you sit before

24   me now, you have the following rights:  The right to plead

25   not guilty to any offense charged against you and to persist

1     in that plea.  The right to a trial by jury.  The right to be

2     presumed innocent until proven otherwise.  The right to have

3     the government prove your guilt beyond a reasonable doubt.

4     The right to be represented by counsel and, if necessary,

5     have the Court appoint counsel for you at trial and every

6     other stage of this proceeding.  The right at trial to have

7     witnesses appear against you and have them cross-examined.

8     The right to have the Court order any defense witnesses to

9     appear during the trial.  The right to testify and present

10    evidence at your trial, or to decline to testify, if you so

11    choose, and the right to not have your silence used against

12    you.

13              Mr. Horne-McCullough, did you understand each and

14    every one of the constitutional rights that I just identified

15    for you?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  And do you intend to waive each and

18    every one of those rights at this time?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Mr. Horne-McCullough, even though you

21    are a United States citizen, I have to advise you that if

22    convicted, a defendant who is not a United States citizen may

23    be removed from the United States, denied citizenship, and

24    denied admission into the United States in the future.  Do

25    you understand that?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  Okay.  Now, I want to talk about the

3  crime that you have been charged with in the Information.  As

4  I indicated earlier, you're charged with one count of

5  possession of a firearm in furtherance of a drug trafficking

6  crime.  Do you understand that?

7       THE DEFENDANT:  Yes, sir.

8       THE COURT:  And you have agreed to plead guilty to

9  that, in the Rule 11 plea agreement.  Do you understand that?

10       THE DEFENDANT:  Yes, sir.

11       THE COURT:  All right.  Again, I want to repeat the

12  nature of the charge, for purposes of our plea hearing.  The

13  Information alleges that in or about late January 2019, in

14  the Eastern District of Michigan, you knowingly possessed a

15  firearm, that is an American Tactical .556 caliber OMNI

16  Hybrid model pistol, in furtherance of a drug trafficking

17  crime for which you may be prosecuted in a court of the

18  United States; that is, possession with intent to distribute

19  controlled substances.

20       Mr. Horne-McCullough, do you understand that's the

21  nature of the charge against you in the Fifth Superseding

22  Information?

23       THE DEFENDANT:  Yes, Your Honor.

24       THE COURT:  Mr. Horne-McCullough, if that charge

25  went to a trial before a jury in this court, in order to

1    secure a conviction of you, the government would have to
2    prove each of the following elements beyond a reasonable
3    doubt:  First, that you committed the crime of possession
4    with intent to distribute controlled substances, which is a
5    drug trafficking crime that can be charged in a court of the
6    United States.  Second, that you knowingly possessed a
7    firearm.  Third, that your possession of the firearm was in
8    furtherance of your possession with intent to distribute
9    controlled substances.  Do you understand that?
10            THE DEFENDANT:  Yes, sir.
11            THE COURT:  Okay.  I want to make sure you
12   understand the maximum possible penalties in connection with
13   the offense of conviction here.  First of all, do you
14   understand that you must be in prison for at least five years
15   and could be in prison for the rest of your life?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  Do you understand that you could be
18   fined up to $250,000?
19            THE DEFENDANT:  Yes, sir.
20            THE COURT:  Do you understand that you could be
21   placed on supervised release for up to five years?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  Do you understand that you will be
24   ordered to pay a special assessment of $100?
25            THE DEFENDANT:  Yes, sir.

```
 1        THE COURT:  Do you understand that you will forfeit
 2   any firearm or ammunition involved in the commission of this
 3   offense?
 4        THE DEFENDANT:  Yes, sir.
 5        THE COURT:  Mr. Horne-McCullough, are you currently
 6   on probation or parole or inmate status for any offense other
 7   than the one charged against you in this case?
 8        THE DEFENDANT:  No, sir.
 9        THE COURT:  Okay.  I want to talk to you now about
10   how the sentencing will work in this case.  I will determine
11   your sentence by applying the factors in the federal
12   sentencing statute that's found at Title 18,
13   United States Code, Section 3553.  And the factors I will
14   consider include the nature and circumstances of the offense,
15   your personal history and characteristics, promoting respect
16   for the law and protecting the public, among other.
17        Now, Mr. Horne-McCullough, another relevant factor
18   that I have to consider is the range under the United States
19   Sentencing Guidelines.  Have you and Mr. McGrath talked about
20   how the guidelines work?
21        THE DEFENDANT:  Yes, Your Honor.
22        THE COURT:  So do you understand that the range
23   under the sentencing guidelines is advisory only and not
24   binding on me?
25        THE DEFENDANT:  Yes, sir.
```

1     THE COURT:  Okay.  Now, you and the government have

2  agreed that your guideline range in this case calls for a

3  sentence in federal prison of 60 months.  Do you understand

4  that?

5     THE DEFENDANT:  Yes, sir.

6     THE COURT:  That 60 months is what's called the

7  agreed guideline range in the plea agreement.  Do you

8  understand that?

9     THE DEFENDANT:  Yes, sir.

10     THE COURT:  Now the agreed guideline range,

11  Mr. Horne-McCullough, could go up if certain things happen,

12  and I want to make sure you understand that.  Do you

13  understand that the agreed guideline range could go up if

14  your criminal history is higher than you and the government

15  have anticipated on the worksheets attached to your plea

16  agreement?

17     THE DEFENDANT:  Yes, sir.

18     THE COURT:  And the agreed guideline range could go

19  up if, after today's hearing, you make any false statement to

20  or withhold information from your probation officer, if you

21  demonstrate a lack of acceptance of responsibility for your

22  offense, if you obstruct justice, or if you commit any new

23  crime.  Do you understand that if any of those things happen,

24  the agreed guideline range could go up?

25     THE DEFENDANT:  Yes, sir.

```
 1           THE COURT:  Now, one other point about the agreed
 2  guideline range, you and the government have agreed that it
 3  is 60 months, but I want you to understand that I'm going to
 4  make any own independent calculation of the guideline range
 5  and it may be exactly the same as you and the government have
 6  determined or it could be higher.  Do you understand that?
 7           THE DEFENDANT:  Yes, sir.
 8           THE COURT:  It could conceivably be lower, too, but
 9  the statute minimum is 60 months, so your sentence won't be
10  below 60 months.  Do you understand that?
11           THE DEFENDANT:  Yes, sir.
12           THE COURT:  All right.  I want to ask a quick
13  question.  The parties have submitted an agreed guideline
14  range of 60 months.  It is not a range.  Can you help me
15  understand why it's just a flat number?
16           MR. RAWSTHORNE:  Well, Your Honor, pursuant to the
17  United States Sentencing Guidelines, essentially the
18  guideline range for 18, United States Code, 924(c) is a -- is
19  the mandatory minimum unless certain -- unless certain
20  circumstances -- very limited circumstance applies, perhaps
21  career offender or something of that nature.  But generally,
22  whenever you see a plea to a 924(c), it is going to be -- the
23  guideline range is going to be the mandatory minimum for that
24  offense.
25           THE COURT:  Okay.  Thank you.
```

*PLEA HEARING • FEBRUARY 20, 2020*

**20**

```
 1            MR. RAWSTHORNE:  I think it -- I think the plea
 2    agreement, itself, goes back to references 2K2.4C, but when
 3    that is -- that specific section of the sentencing guidelines
 4    is what sets forth the applicable guideline range for 924(c)
 5    offenses, and in almost all cases, it is strictly the
 6    mandatory minimum.
 7            THE COURT:  That's helpful.  Thank you.
 8            Mr. Horne-McCullough, let me return to you.  I want
 9    to talk to you about what is called the cap in your plea
10    agreement.  You and the government have agreed there should
11    be a cap on your sentence, and I want to talk about how that
12    works.
13            First of all, the cap is currently the top of the
14    agreed guideline range.  Do you understand that?
15            THE DEFENDANT:  Yes, sir.
16            THE COURT:  And we just discussed that the agreed
17    guideline range is 60 months.  Do you recall that?
18            THE DEFENDANT:  Yes, sir.
19            THE COURT:  And we talked about how the agreed
20    guideline range could conceivably go up if certain things
21    happen.  Do you remember that?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  So if those things happen and the
24    agreed guideline range goes up, the cap goes up.  Do you
25    understand that?
```

 1          THE DEFENDANT:  Yes, sir.

 2          THE COURT:  All right.  Here is how the cap works:

 3   When we arrive at sentencing, if I decide that I need to

 4   impose a sentence that is higher than the cap, in that event,

 5   you would have the opportunity to withdraw your plea and to

 6   proceed to a jury trial.  Do you understand that?

 7          THE DEFENDANT:  Yes, sir.

 8          THE COURT:  All right.  Mr. Horne-McCullough, do

 9   you understand that there is no parole in the federal prison

10   system?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Mr. McGrath, would you open the Rule 11

13   plea agreement for Mr. Horne-McCullough, to page 6, please.

14          MR. McGRATH:  Yes, Your Honor.

15          THE COURT:  Mr. Horne-McCullough, do you see the

16   section on page 6 that is numbered 7, and titled "Appeal

17   Waiver"?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Mr. Horne-McCullough, do you understand

20   that under that section, if I accept your plea and I accept

21   this plea agreement, you're waiving any rights you may have

22   to appeal your conviction on any ground?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you further understand that under

25   that section, if I accept your plea and I accept this plea

1   agreement, you are waiving any right you may have to appeal

2   your sentence on any ground so long as I impose a sentence

3   that does not exceed 60 months?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  All right.  Do you understand if I were

6   to impose a sentence of less than 60 months the government

7   could appeal the sentence?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Mr. McGrath, would you flip, for

10  Mr. Horne-McCullough, to page 2, please.

11           MR. McGRATH:  Yes, Your Honor.

12           THE COURT:  Mr. Horne-McCullough, do you see the

13  section on page 2 that is titled, "factual basis for guilty

14  plea"?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Did you read that carefully before you

17  signed the plea agreement?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Are all of the statements in that

20  section true and accurate?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  Okay.  Mr. Horne-McCullough, having

23  gone over your rights, the relevant parts of the plea

24  agreement, the charges, and the elements that the government

25  would have to prove at trial, let me ask you, sir:  How do

1   you plead to the charge in the Fifth Superseding Information

2   of possession of a firearm in furtherance of a drug

3   trafficking crime?

4           THE DEFENDANT:  Guilty.

5           THE COURT:  Mr. McGrath, are you satisfied we have

6   a sufficient factual basis?

7           MR. McGRATH:  Yes, Your Honor.

8           THE COURT:  Mr. Rawsthorne, are you?

9           MR. RAWSTHORNE:  I am, Your Honor.

10          THE COURT:  All right.  I am, too.  I want to make

11  clear for the record, I'm finding a sufficient factual basis

12  based both on Mr. Horne McCullough's signature on the Rule 11

13  plea agreement and on his oral confirmation here on the

14  record, that the factual basis for plea section of the plea

15  agreement is true and accurate.

16          So I'm satisfied with all of Mr. Horne McCullough's

17  responses as given, so I will make the following findings in

18  the case of United States v. Damario Horne-McCullough.

19  First, that Mr. Horne-McCullough is fully competent and

20  capable of entering an informed plea.  Second, that

21  Mr. Horne-McCullough is aware of the nature of the charge and

22  the consequence of his plea.  And, finally, that his plea of

23  guilty is a knowing and voluntary plea supported by an

24  independent basis of fact containing each of the essential

25  elements of the offense charged in the Fifth Superseding

1   Information.

2           Therefore, I will accept Mr. Horne McCullough's

3   plea and I will judge him guilty of the offense of possession

4   of a firearm in furtherance of a drug traffic charge as

5   charged in the Fifth Superseding Information.  I will take

6   the Rule 11 plea agreement under advisement.

7           Mr. Horne-McCullough, what I want to do now is chat

8   with you a little bit about next steps.  The next thing

9   that's going to happen is you're going to meet with a

10  representative of the Court's Probation Department, with the

11  probation officer.  That person's job is to prepare for me

12  what's called a presentence investigation report.  That is a

13  report about you that I read in preparation for sentencing.

14  And it gives me a lot of, what I call, objective information

15  about your background; your educational background, your

16  family history, your financial circumstances, your work

17  history, stuff like that.

18          In order to prepare that report, the probation

19  officer needs to obtain information from you and may need to

20  obtain some documents from you.  And I ask that you cooperate

21  fully with the probation officer consistent with any advice

22  given to you by Mr. McGrath.  Would you do that, please.

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Mr. Horne-McCullough, once the

25  probation officer completes a draft of the report, the

officer will send the draft to Mr. McGrath and he will promptly send it to you. When you get it, it is very important that you read the draft carefully and that you do so promptly, because you and Mr. McGrath will have 14 days to communicate back to the probation officer what are called objections to the report. That's your opportunity, working through Mr. McGrath, to say to the probation officer, hey, there's a mistake on this page or, hey, you left out some important information on that page.

And Mr. Horne-McCullough, you want to take advantage of that opportunity because you want to be sure that I have accurate information about you when I'm deciding on an appropriate sentence. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, Mr. Horne-McCullough, you and Mr. McGrath will have another important opportunity to influence my sentencing decision, and that's by having Mr. McGrath submit, on your behalf, what is called a sentencing memo. That's your opportunity to tell me anything that you want me to think about when I'm deciding on an appropriate sentence. So a lot of times defendants will tell me everything good they have ever done; community service, educational achievements, like your GED; family support that they have given; work history; volunteer work. I don't mean to be limiting those, they are just types of examples.

 1          Sometimes defendants will tell me other information

 2    that they think is relevant; challenges that they face,

 3    circumstances that may have contributed to the offense, stuff

 4    like that.

 5          One other option that you have is to obtain letters

 6    from folks who know you and want to write to me telling me

 7    about you and your character and your background.  You are

 8    not required to get those letters, and I won't hold it

 9    against you, in any way, if you don't.  But what I want to

10    let you know, if you do get those letters, I will read them

11    carefully and consider them as part of the sentencing.  Do

12    you understand that?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  If you want to get those letters, you

15    should obtain them and have them submitted to Mr. McGrath so

16    he can include them in your sentencing memo.  Do you have any

17    questions about anything that happened today,

18    Mr. Horne-McCullough?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  How about a sentencing date of

21    June 23rd at 1:30?  Mr. McGrath, does that work for you?

22          MR. McGRATH:  I believe, Your Honor, that that's

23    the day before the Sixth Circuit Judicial Conference in

24    Cleveland.  I was thinking of attending, so that would be a

25    travel day.  Could we do a little bit before or a little

*PLEA HEARING • FEBRUARY 20, 2020*

```
1    after, something like that?

2             THE COURT:  Sure.

3             THE CASE MANAGER:  June 22nd, or we can do the week

4    before.

5             THE COURT:  How about the week before?

6             THE CASE MANAGER:  June 18th.

7             THE COURT:  June 18th, does that work?

8             MR. McGRATH:  Yes, Your Honor.

9             THE COURT:  Mr. Rawsthorne?

10            MR. RAWSTHORNE:  Works for the government.

11            THE CASE MANAGER:  At 2:00.

12            THE COURT:  So June 18th.  I would ask for

13   sentencing memos to be filed one week in advance of our

14   sentencing date.

15            Anything for the government before we adjourn?

16            MR. RAWSTHORNE:  No.  Thank you, Your Honor.

17            THE COURT:  Mr. McGrath, anything for you?

18            MR. McGRATH:  No, Your Honor.  Thank you.

19            THE COURT:  Chief Judge Cole will be glad to see

20   you in Cleveland at the Sixth Circuit conference.

21            MR. McGRATH:  I'm looking forward to it.

22            THE COURT:  Thank you very much.  I will see you at

23   sentencing.

24            THE CASE MANAGER:  All rise.  Court is in recess.

25            (Proceedings concluded at 1:30 p.m.)
```

1

*CERTIFICATION*

2

3              I, Robert L. Smith, Official Court Reporter of

4      the United States District Court, Eastern District of

5      Michigan, appointed pursuant to the provisions of Title 28,

6      United States Code, Section 753, do hereby certify that the

7      foregoing pages comprise a full, true and correct transcript

8      taken in the matter of UNITED STATES OF AMERICA vs. DAMARIO

9      HORNE-McCULLOUGH, Case No. 19-20112, on Thursday,

10     February 20, 2020.

11

12

13                              *s/Robert L. Smith*
                                Robert L. Smith, RPR, CSR 5098
14                              Federal Official Court Reporter
                                United States District Court
15                              Eastern District of Michigan

16
       Date:  02/16/2021
17     Detroit, Michigan

18

19

20

21

22

23

24

25